UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROBERT COCHRAN, 11010881,

          Plaintiff,

    -against-

ARMOR CORRECTIONAL HEALTH, INC.,

          Defendant.
----------------------------------------------------------X

ORDER
12-CV-5001 (SJF)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 1 4 2013   ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.   Introduction

On October 4, 2012, incarcerated pro se plaintiff Robert Cochran ("plaintiff") filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the defendant Armor Correctional Health, Inc. ("Armor" or "defendant"), accompanied by an application to proceed in forma pauperis. Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed in forma pauperis, qualifies him to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the application to proceed in forma pauperis is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed.

II.   The Complaint

Plaintiff alleges that on May 13, 2012, while incarcerated at the Nassau County Correctional Center ("NCCC"), he injured both of his hands during a fight and that he did not receive x-rays or any other medical assistance for his injuries for three (3) months, as a result of which his hands are now disfigured and he is unable to use them "correctly." (Compl. ¶¶ IV and IV.A). Plaintiff seeks compensatory and punitive damages in the amount of one hundred million dollars ($100,000,000.00). (Compl., ¶ V).

III. Discussion

   A.   Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]." Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quotations and citation omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, LLC, 2013 WL 57139 (Jan. 7, 2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556

U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). "Factual allegations must be enough to raise a right to relief above the speculative level, * * * on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56, 127 S.Ct. at 1959; see also Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2d Cir. 2010) (accord). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S.Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011) (accord).

B.  Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

Plaintiff is not suing any individual claimed to have been personally involved in the alleged constitutional deprivation. Rather, the sole defendant named in the complaint is Armor, a private company that performs medical services for inmates housed at the NCCC. See, e.g., Gaines v. Armor Health Care, Inc., No. 12-CV-4666, 2012 WL 5438931, at * 3 (E.D.N.Y. Nov. 2, 2012); Briel

3

v. Sposato, No. 12-CV-2868, 2012 WL 3697806, at *5 (E.D.N.Y. Aug. 21, 2012) (citing Cofield v. Armor Corr. Health, No. 12–CV–1394, 2012 WL 1222326, at *2 (E.D.N.Y. Apr. 11, 2012)). Assuming, *arguendo*, that Armor acts under color of state law for purposes of Section 1983 in providing health services for inmates housed at the NCCC, "[p]rivate employers are not liable under § 1983 for the constitutional torts of their employees * * * unless the plaintiff proves that 'action pursuant to official . . . policy of some nature caused a constitutional tort.'" Rojas v. Alexander's Department Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) (quoting Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (emphasis omitted)); see also Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 432-33 (S.D.N.Y. 2012) ("[T]o state a Section 1983 claim against a private entity [acting under color of state law], a plaintiff must allege that an action pursuant to some official policy caused the constitutional deprivation.") Since, *inter alia*, plaintiff has not alleged that any constitutional deprivation was undertaken pursuant to an official policy or custom of Armor's, the complaint fails to state a plausible claim for relief. Accordingly, plaintiff's complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83

S.Ct. 227, 9 L.Ed.2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Accordingly, plaintiff is granted leave to file an amended complaint correcting the pleading deficiencies in his complaint, **provided that any such amended complaint is filed on or before February 18, 2013**, or the complaint will be deemed dismissed with prejudice and this case will be closed.

IV.   Conclusion

For the reasons set forth above, plaintiff's application to proceed in forma pauperis is granted, but the complaint is sua sponte dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief **unless plaintiff files an amended complaint in accordance with this order on or before February 18, 2013.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**                s/ Sandra J. Feuerstein

                               _____
                               Sandra J. Feuerstein
                               United States District Judge

Dated: January 14, 2013
       Central Islip, New York

5